UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSHOMBE M. KELLEY, | No. 2:17-cv-01529 MCE GGH P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

*Introduction and Summary*

Petitioner was convicted in a prison disciplinary proceeding of possessing hashish with intent to distribute. An answer was filed on November 6, 2018, ECF No. 9. The overriding and colorable substantive issue presented by the petition and answer is whether the relatively small amount of hashish found, about three grams, is of such a slight amount that substantial evidence for the distribution aspect of the conviction cannot be found. Cf. Turner v. United States, 396 U.S. 398, 422-423, (1970) (fourteen ounces of cocaine insufficient to show distribution); but see United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979) (given circumstances of case, including small dosage in a typical use, distribution shown with five ounces of cocaine).

////
////

1

However, as respondent briefs, a threshold procedural issue exists—the petition may be untimely. For the reasons set forth below, the parties are ordered to file supplemental briefing.

*Discussion & Conclusion*

No one disputes the fact that a prison disciplinary proceeding which results in a taking away of good time credits is subject to federal habeas review. Thus, pursuant to 28 U.S.C. § 2254, petitioner must have timely brought his petition for habeas corpus for it to be heard on the merits. See 28 U.S.C. § 2244 (d)(1). The facts relating to timeliness are as follows.

Petitioner, who refused to attend his hearing, was convicted of his drug offense at the first level hearing on September 5, 2014 (date of signing the Rules Violation Report). ECF No. 9-1 at 48. Petitioner administratively appealed to the Second Level which issued a denial on October 4, 2014. ECF No. 9-1 at 59-61. Thereafter, an appeal to the Third (and final) Level was denied on April 27, 2015. Id. at 67-68.

Petitioner obtained counsel who filed a petition for habeas corpus in the Sacramento Superior Court based on a lack of sufficient evidence. ECF No. 9-1 at 3-14. Although the petition was signed by petitioner's attorney on Aril 15, 2015, ECF No. 9-1 at 6, and the verification was signed on Aril 17, 2015, ECF No. 9-1 at 7, the Points and Authorities were not signed or served until June 1, 2015. The petition was not filed until June 6, 2015, ECF No. 9-1 at 2. The discrepancy in time between initial preparation and filing continues throughout all of the state petitions. This first state petition was denied on the merits on October 8, 2015. ECF No. 9-1 at 70-71.

A pro se petition was filed in the Court of Appeal on February 8, 2016, ECF No. 9-1 at 75, et seq., which was denied without opinion on February 19, 2016, ECF No. 9-2 at 2. However, the petition was signed by petitioner on January 7, 2016. ECF No. 9-1 at 79. If this was the date the petition was actually placed in the prison mailbox, the "mailbox rule" would deem it filed on January 7. See Houston v. Lack, 487 U.S. 266, 275–76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir.2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

| 1 | A pro se petition for habeas corpus was filed in the California Supreme Court on August
| --- |
| 2 | 2, 2016, ECF No 9-2 at 5, which was also denied without opinion on October 12, 2016. ECF No.
| 3 | 9-2 at 51. However, this petition was also signed long before its filing date—May 16, 2016. ECF
| 4 | No. 9-2 at 10; see also Id. at 13. The mailbox rule, if applicable would cut months off of
| 5 | respondent's gap tolling analysis.
| 6 | The federal petition was filed July 24, 2017. Once again, however, the anomaly of signed
| 7 | date and filed date is present—the petition was signed on April 2, 2017. ECF No. 1 at 15. And
| 8 | again, if the mailbox rule were applicable, months would be cut off the gap analysis.
| 9 | As respondent has correctly observed, the Anti-Terrorism and Effective Death Penalty Act
| 10 | of 1996 ("AEDPA") statute of limitations begins to run on the day after the last administrative
| 11 | appeal was decided—here, April 27, 2015. Mardesich v. Cate, 668 F.3d 1164, 1171-72 (9th Cir.
| 12 | 2012) (and cases cited therein). Absent statutory tolling, the expiration of the one-year AEDPA
| 13 | statute of limitations occurred on April 28, 2016, i.e., the last day to file was April 28, 2016.
| 14 | Thus, the petition here is untimely unless the statute of limitations was tolled. The tolling
| 15 | analysis depends in its entirety on the actual filing date of the various petitions, i.e., if the "signed
| 16 | date" were to be the controlling "filed date," the petition would be timely. However, it begs
| 17 | credulity to find that either the Postal Service or the prison mailroom is so inefficient at every turn
| 18 | that months elapse between placing a document in the mail and its ultimate delivery. Quite
| 19 | frankly, the undersigned has never seen anything like this.
| 20 | Thus, the entire statute of limitations analysis depends on the facts and reasons for the
| 21 | unexplained delays here. Because the statute of limitations outcome is unclear at this point, the
| 22 | undersigned could turn to the merits if it were clear that the petition would be denied on its
| 23 | ////
| 24 | ////
| 25 | ////
| 26 | ////
| 27 | ////
| 28 | ////

merits. However, such is not the case here. Petitioner and respondent are therefore ordered to supply *concurrent* explanatory briefs concerning the discrepancies between state and federal petition "signed dates" and "filed dates," including exhibits, if applicable, and application of the prison "mailbox rule" ***no later than March 15, 2019***. Extensions of time will not be granted except for compelling reasons.

IT IS SO ORDERED.

Dated: February 12, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE