UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSHOMBE M. KELLEY,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondent. | No. 2:17-cv-01529 MCE GGH P<br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

    Petitioner was convicted in a prison disciplinary proceeding of possessing hashish with intent to distribute. An answer was filed on November 6, 2017. ECF No. 9. The overriding and colorable substantive issue presented by the petition and answer is whether the relatively small amount of hashish found, about three grams, is of such a slight amount that substantial evidence for the distribution aspect of the conviction cannot be found. Cf. Turner v. United States, 396 U.S. 398, 422-423, (1970) (fourteen ounces of cocaine insufficient to show distribution); but see United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979) (given circumstances of case, including small dosage in a typical use, distribution shown with five ounces of cocaine).

    However, as respondent briefs, a threshold procedural issue exists—the instant petition may be untimely.

1

Because the undersigned was puzzled by the gaps between document signature and filing in the state and federal courts, an order was issued to acquire further briefing on the subject. That briefing has been supplied. See ECF Nos. 12, 13. After repeating a portion of the background contained in the undersigned's previous order, ECF No. 11, the undersigned will recommend that the petition be dismissed as untimely.

*Discussion*

    1. The Mailbox Rule

The timeliness of the petition herein depends on the application of the "mailbox rule," i.e., when is a prisoner's legal documents deemed filed with the court. This issue is discussed first so that the background facts and recommendations may be understood.

In recognition of the logistical difficulties of prisoners filing documents in court, a mailbox rule was developed. That is, when the prisoner accesses the prison mail system with a legal filing, it is deemed filed in court at that time. Houston v. Lack, 487 U.S. 266 (1988). This is so even if the prisoner gives the filing to another prisoner for filing in the system, or a third-party prisoner accesses the prison mail system on the litigant prisoner's behalf. See Hernandez v. Spearman, 764 F.3d 1071, 1076 (9th Cir. 2014). However, the prison mail system must be utilized for the mailbox rule to be applicable.

The prison "mailbox rule" is codified in Rule 3(d) of the Rules Governing Section 2254 Cases and Rule 3(d) of the Rules Governing Section 2255 Cases. Rule 3(d) (emphasis added) provides the following:

> Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. *If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.* Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Accordingly, the prisoner must deposit his or her filing in the institution's internal mailing system for the prison mailbox rule to be applicable. The prisoner does not get the benefit of the mailbox rule if he mails his pleadings to outside third parties, as intermediaries, who then mail them to the

court for filing.  Rule 3(d); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003); <u>Cook v. Stegall</u>, 295 F.3d 517, 520 (6th Cir. 2002) (mailbox rule did not apply to pro se prisoner who sent his habeas petition to his daughter for mailing); <u>Gaines v. Newland</u>, 1998 WL 704418 (N.D. Cal. 1998) (mailbox rule does not apply where prisoner mailed petition to his grandmother for filing); <u>see</u> <u>also</u> <u>Gomez v. Castro</u>, 47 Fed. Appx. 821 (9th Cir. 2002).  A prisoner proceeding with counsel is not entitled to the application of the mailbox rule; that is, the lawyer's filing on behalf of the prisoner is filed when the lawyer actually files it in court.  <u>Stillman</u>, <u>supra</u>; <u>Rutledge v. United States</u>, 230 F.3d 1041, 1051-52 (7th Cir. 2000).

If the state in which a filing is made does not recognize the mailbox rule, the rule is ineffective for determining the filing time for those state filings.  <u>Orpiada v. McDaniel</u>, 750 F.3d 1086, 1087 (9th Cir. 2014).  California recognizes the mailbox rule.  <u>Silverbrand v. County of Los Angeles</u>, 46 Cal. 4th 106 (2009).

2. <u>The Instant Petition Is Untimely</u>

No one disputes the fact that a prison disciplinary proceeding which results in a taking away of good time credits is subject to federal habeas review.  Thus, under Section 2254 of Title 28, petitioner must have timely brought his petition for habeas corpus for it to be heard on the merits.  <u>See</u> 28 U.S.C. § 2244 (d)(1).  The facts relating to timeliness are as follows.

Petitioner, who refused to attend his hearing, was convicted of his drug offense at the first level hearing on September 5, 2014 (date of signing the Rules Violation Report).  ECF No. 9-1 at 48.  Petitioner administratively appealed to the Second Level which issued a denial on October 4, 2014.  ECF No. 9-1 at 59-61.  Thereafter, an appeal to the Third (and final) Level was denied on April 27, 2015.  <u>Id</u>. at 67-68.

Subsequently thereafter, petitioner obtained counsel who filed a petition for habeas corpus in the Sacramento Superior Court based on a lack of sufficient evidence.  ECF No. 9-1 at 3-14.  Although the petition was signed by petitioner's attorney on Aril 15, 2015, ECF No. 9-1 at 6, and the verification was signed by petitioner on April 17, 2015, ECF No. 9-1 at 7, the Points and Authorities were not signed by petitioner's attorney or served until June 1, 2015.  <u>See</u> ECF No. 9-1 at 13-14.  The petition was not filed until June 6, 2015.  <u>Id.</u> at 2.  The discrepancy in time

3

between initial preparation and filing continues throughout all of the state petitions. This first state petition was denied on the merits on October 8, 2015. ECF No. 9-1 at 70-71.

A pro se habeas petition was filed in the California Court of Appeal, Third Appellate District, on February 8, 2016. ECF No. 9-1 at 75, et seq. However, the petition was signed by petitioner on January 7, 2016. ECF No. 9-1 at 79. If this was the date the petition was actually placed in the prison mailbox, the "mailbox rule" would deem it filed on January 7. The California Court of Appeal denied the petition without opinion on February 19, 2016. ECF No. 9-2 at 2.

A pro se habeas petition was filed in the California Supreme Court on August 2, 2016, ECF No. 9-2 at 5, which was denied without opinion on October 12, 2016, ECF No. 9-2 at 50. However, this petition was also signed long before its filing date on May 16, 2016. ECF No. 9-2 at 10-page 10; see also ECF No. 9-2 at 13. The mailbox rule, if applicable, would cut months off of the gap tolling analysis.

The instant federal petition was filed on July 24, 2017. ECF No. 1. Once again, however, the anomaly of signed date and filed date is present—the petition was signed on April 2, 2017. ECF No. 1 at 15. Again, if the mailbox rule were applicable, months would be cut off the tolling analysis.

However, the mailbox rule does not apply here. The first state petition was filed by an attorney—therefore there is no mailbox rule applicable to this filing. Stillman, supra. With respect to the other state petitions filed and the federal petition itself, petitioner has conceded he did not use the prison mail system. See ECF No. 12 at 5-6; see also id. at 9-11. Petitioner relates he did not use the mail system because he would not be issued a written receipt for his legal mail; the usual prisoner legal mail "logging system" was a system he did not trust. ECF No. 12 at 5; see also ECF No. 13 at 2-3.

As respondent has correctly observed, the AEDPA statute of limitations begins to run on the day after the last administrative appeal was decided—here, the appeal was decided April 27, 2015. Mardesich v. Cate, 668 F.3d 1164, 1171-72 (9th Cir. 2012) (cases cited therein). Absent statutory tolling, the expiration of the one-year AEDPA statute of limitations occurred on April

4

28, 2016, i.e., the last day to file was April 28, 2016. Thus, the petition here is untimely unless the statute of limitations was tolled. The tolling analysis depends in its entirety on the actual filing date of the various petitions, i.e., if the "signed date" is the controlling "filed date," the petition would thereby be timely.

No one disputes the fact that while the various petitions were pending in the various state courts, the AEDPA statute of limitations was tolled. Therefore, the days during which a state petition was actually pending will not be counted. The time calculations using the date of actual filing in the various courts, showing the period of elapsed days in the one-year AEDPA filing period, and omitting a discussion of gap tolling for the moment, are as follows:

1. The limitation period began to run the following day from the date of the administrative decision on April 28, 2015. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

2. The state habeas petition was filed on June 6, 2015 in the Sacramento Superior Court. This petition was denied on October 8, 2015. Therefore, this state habeas petition was filed **fort**y (40) days after the limitation period began from the administrative decision.

3. A habeas petition was filed in the California Court of Appeal on February 8, 2016. The petition was denied without opinion on February 19, 2016. Thus, **one hundred twenty-two** (122) days of the limitations period had elapsed during the interim period.

4. A habeas petition was filed in the California Supreme Court on August 2, 2016, and was denied without opinion on October 12, 2016. Therefore, **one hundred sixty-five** (165) days of the limitations period had elapsed during the interim period.

5. The instant federal petition was filed on July 24, 2017. Therefore, **two hundred eighty-five** (285) days of the limitations period had elapsed, **for a cumulative total of 612 days. Without gap tolling**, the AEDPA statute expired on **November 25, 2016**, long before the July federal filing.[1]

---

[1] Of course, the time in which petitioner's state petitions were pending in state court to the date of denial were not counted against the petitioner in regard to the statute of limitations analysis.

5

However, the AEDPA limitations period may be tolled in between filing in *state* courts, i.e., "gap tolling," if the periods of time between the denial in the Superior Court and the subsequent filing in the California Court of Appeal, and the expired time between the decision of the appellate court and the California Supreme Court, would be considered reasonable gaps of time to allow for the logistics of filing. That is, the question in gap tolling as presented in this case is whether petitioner took too long to file his state appellate and state supreme court petitions. In no event is petitioner entitled to tolling from the administrative denial to the first state court filing. Nor is petitioner entitled to tolling from the state supreme court decision to the subsequent federal filing. Duncan v. Walker, 533 U.S. 167 (2001). Statutory tolling is only available for collateral *state* proceedings. 28 U.S.C. § 2244(d)(2).

The Supreme Court has held that for California gap tolling purposes, a 30-60 days gap between denial and filing in the next higher court are presumptively reasonable.

> A prisoner may also be entitled to gap tolling for the period of time between an adverse ruling in a state habeas action and the commencement of a new habeas action in a higher state court. To qualify for gap tolling, the time between a denial of habeas relief in a lower court and a subsequent state challenge must be "reasonable." *Evans v. Chavis,* 546 U.S. 189, 192 (2006). A filing delay of "substantially longer than [ ] 30 to 60 days" without justification will prevent a California prisoner from qualifying for gap tolling of the intervening period under AEDPA. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir.2010)

Harper v. Grounds, 2016 WL 1714404, at *2 (C.D. Cal. Mar. 15, 2016).

And the courts are reluctant to expand what the Supreme Court has said was presumptively reasonable:

> Ever since *Evans*, the Ninth Circuit Court of Appeals has continued to whittle down the length of delay deemed "reasonable." *Compare Banjo v. Ayers,* 614 F.3d 964, 971 (9th Cir.2010) (finding that Banjo's delay of 146 days between the first and second petitions filed in the superior court was unreasonable); and *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir.2010) (finding that delays of 101 and 115 days between filings were unreasonable and therefore not entitled to interval tolling); with *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir.2011) (holding that interval delays of 81 days and 92 days between filings were unreasonable); and *Livermore v. Sandor*, 2012 WL 2513951, *1 (9th Cir.2012) (unpublished) (finding that a seventy-six day delay was unreasonable and therefore not entitled to gap tolling). Applying this precedent to the case at bar, it is clear that

> petitioner is not entitled to gap tolling for the 91 day gap between the California Court of Appeal's denial of habeas relief and the filing date of his petition in the California Supreme Court. Especially in light of *Velasquez,* 639 F.3d at 968 (finding interval delays of 81 days and 92 to be unreasonable), the interval at issue here cannot be deemed reasonable.

Robinson v. Lewis, 2013 WL 597042, at *4 (E.D. Cal. Nov. 4, 2013).

Here the two gaps at issue are 122 days and 165 days respectively. These time periods on their face are not reasonable. Petitioner is not entitled to statutory gap tolling.[2]

Petitioner references equitable tolling in his Supplemental Brief, primarily on the grounds that it would be unfair to punish him because he used an outside service for filing. Petitioner could point to the fact that he actually prepared his state petitions in a time which would have easily made his federal filing timely, if all these petitions were given the benefit of the mailbox rule. However, the undersigned does not agree. First, mistakenly not applying the habeas rules and cases which clearly provide that the prison system must be used to benefit from the mailbox rule are not extraordinary grounds for tolling. There is no "I don't trust the prison personnel or their mail practices" exception. There is no "I retained slothful filers" exception. One cannot find the "front door" of statutory gap tolling unavailable because of the non-application of the mailbox rules, yet find the "back door" of equitable tolling available for all petitions for essentially the same mistake.[3]

Moreover, the fact that petitioner was actually able to *prepare* his petitions in a reasonable time cuts against any argument which petitioner attempts to make that the rigors of prison life, even administrative segregation or prison transfers or separation from property, prevented filings in a "reasonable" time, even up to and including the federal petition. The petitions were

---

[2] Moreover, the days lost in gap tolling reflect only about half of the days expired in the period between the final administrative decision and the filing of the federal petition. Half of the AEDPA limitations period was eaten by delays in filing the first state habeas petition and the federal petition which have nothing to do with statutory tolling, including gap tolling.

[3] Petitioner sheds no light on why his attorney had completely prepared the Superior Court petition a little less than two months prior to filing it, but nevertheless allowed the approximate two months to be expended before its filing. However, even if one were to grant relief for the attorney's lack of diligence in filing, such would not be sufficient to make the filing of the federal petition timely.

7

essentially reiterations of the first state habeas petitions and arguments which had been advanced in the administrative hearings. Petitioner prepared his petitions in a reasonable time, but did not file them in a reasonable time.

The undersigned is not being critical of petitioner. Mistakes can be made. However, the fact is—petitioner made a purposeful mistake with respect to application of the mailbox rule whether he was aware of the consequences of such a mistake or not. This is the only reason why the federal filing would not be considered timely—not for any extraordinary circumstance beyond petitioner's control. Accordingly, no equitable tolling is available here.

*Conclusion*

Because the barring of this petition based on the statute of limitations is clear, the undersigned declines to explore the murkier substantive issue (whether the small amount of drugs found could qualify for "distribution" conviction). The petition should be dismissed for untimeliness.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE